Hugh G. PETERSEN, Jr., Individually, on behalf of all shareholders of Federated Development Company similarly situated and derivatively on behalf of Federated Development Company, Plaintiff,

v.

FEDERATED DEVELOPMENT COMPANY et al., Defendants.

No. 73 Civ. 5465.

United States District Court,
S. D. New York.

Nov. 26, 1974.

Windels & Marx, New York City, for plaintiff; Francis E. Koch, Paul Windels, Jr., Andrew N. Grass, Jr., Richard S. Perles, New York City, of counsel.

Wender, Murase & White, New York City, for Federated Development Co.; J. Portis Hicks, Peter A. Dankin, Andrew Berger, New York City, of counsel.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendant. SMR Holding Corp.; James M. Bergen, Allen H. Brill, New York City, of counsel.

Cahill Gordon & Reindel, New York City, for the individual defendants; Kenneth W. Orce, Floyd Abrams, Richard I. Miller, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

The individual defendants and defendant SMR Holding Corporation ("SMR") moved pursuant to F.R.Civ.P. 12(c) for an order dismissing the amended complaint and granting judgment on the pleadings in their favor. Plaintiff moved for leave to file a second amended complaint. At argument on September 9, 1974, plaintiff's motion for leave to file a second amended complaint was granted, and it was agreed that defendants' motion would apply with equal force to plaintiff's second amended complaint. In addition, plaintiff moves for an order pursuant to F.R.Civ.P. 23(c) determining that this action may be maintained as a class action and for an order appointing a receiver of the property and assets of Federated Development Company ("Federated").

Plaintiff, allegedly the beneficial owner of 13,525 shares of Federated, sues individually, as the representative of all shareholders of Federated similarly situated, and derivatively on behalf of Federated. Plaintiff seeks damages and injunctive relief. The individual defendants are or were trustees of Federated. Defendant SMR is a privately owned Delaware corporation organized for the purpose of acquiring majority control of other companies. Jurisdiction is predicated on section 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78aa, and principles of pendent jurisdiction.

Federated is a business trust organized under the laws of New York. On March 8, 1973, Loeb, Rhoades & Co. ("Loeb, Rhoades") a broker dealer, and partners of Loeb, Rhoades and members of their families owned approximately 16.1% of the outstanding shares of Federated. Loeb, Rhoades is referred to in the complaint but not named as a defendant.

On September 19, 1973, SMR announced an offer to purchase 800,000 shares of Federated, representing approximately 50.0089% of Federated's issued and outstanding shares, at $12.25 per share. The offer was to remain open for 10 days and expire at midnight on September 29, 1973. During the period of the SMR tender offer, the Federated Board of Trustees sent two communications to Federated shareholders. The first, dated September 21, 1973, advised Federated shareholders that the Board was studying SMR's tender offer and would mail a second communication containing any recommendation the Board might have with respect to the offer. The second communication, dated September 24, 1973, informed Federated shareholders that the Trustees and those shareholders of Federated associated with Loeb, Rhoades were tendering their shares. However, the communication went on to advise shareholders that the Board of Trustees had approved a plan of liquidation for Federated and that the book value of Federated was in excess of $16 per share. It appears that 1,396,602 of the 1,599,714 shares of Federated outstanding were tendered to

SMR during the period of its offer. Of the shares tendered, SMR accepted 800,000 on a pro rata basis.

Pursuant to the request of SMR, a special meeting of Federated shareholders was called for January 7, 1974 for the purpose of increasing the Federated Board of Trustees from 8 to 17 Trustees and to elect 9 nominees of SMR as Trustees to fill the newly-created vacancies. No proxies were solicited, but a notice of special meeting and an information statement dated December 14, 1973 were distributed to Federated shareholders. On December 21, 1973 Federated announced an offer to purchase 150,000 of its shares at $7 per share.

Plaintiff alleges that Loeb, Rhades, the individual defendants and SMR acted in concert to turn control of Federated over to SMR and to maximize for a select group of Federated shareholders (hereinafter referred to as the Loeb, Rhoades group) the benefits of SMR's tender offer of September 19, 1973, all to the detriment of Federated and the outside Federated shareholders. Five separate claims for relief are asserted. The first and third claims relate to SMR's tender offer of September 19, 1973 and allege violations of sections 10(b) and 14(e) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78n(e) and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5. The second claim asserts violations of section 10(b) and Rule 10b–5 in connection with Federated's tender offer of December 21, 1973. The fourth claim pertains to the notice of special meeting and information statement distributed by Federated in connection with the special meeting of shareholders on January 7, 1974, and alleges violations of section 14(c) of the Exchange Act, 15 U.S.C. § 78n(c), and Securities and Exchange Commission Rule 14c–6, 17 C.F.R. § 240.14c–6. Finally, plaintiff's fifth claim alleges a breach of Federated's listing agreement with the New York Stock Exchange in connection with the special meeting of shareholders of January 7, 1974.

*Defendants' Motion for Judgment on the Pleadings*

■■ The Court of Appeals has repeatedly held that only a purchaser or seller of a security may maintain an action for damages under section 10(b) of the Exchange Act and Rule 10b–5. Haberman v. Murchison, 468 F.2d 1305 (2d Cir. 1972); Iroquois Industries, Inc. v. Syracuse China Corp., 417 F.2d 963 (2d Cir. 1969), cert. denied, 399 U.S. 909, 90 S.Ct. 2199, 26 L.Ed.2d 561 (1970); Greenstein v. Paul, 400 F.2d 580 (2d Cir. 1968); Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952). Although a stockholder has been permitted to seek injunctive relief against threatened or continuing fraud, Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540 (2d Cir. 1967), he lacks standing to seek injunctive relief once the fraud has been consummated. Berne Street Enterprises, Inc. v. American Export Isbrandtsen Co., [1969–70 Transfer Binder] CCH Fed.Sec.L.Rep. ¶ 92,711 (S.D.N.Y.1970).

■ Plaintiff does not allege that he is a purchaser or seller in connection with either SMR's tender offer of September 19, 1973 or Federated's tender offer of December 21, 1973, or that the fraud alleged in connection with those tender offers is still continuing. He is therefore without standing to assert claims for damages or injunctive relief under section 10(b) of the Exchange Act and Rule 10b–5 either individually or as a class representative. Although not a purchaser or seller in connection with SMR's tender offer of September 19, 1973, Federated was a purchaser in connection with its own tender offer of December 21, 1973. However, plaintiff has alleged no injury to Federated as a result of any purported fraud in connection with that tender offer. Accordingly, defendants' motion for judgment on the pleadings in their favor is granted as to plaintiff's first and second claims.

Section 14(e) of the Exchange Act provides:

"It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders . . .."

As a non-tendering shareholder of Federated, plaintiff has standing to assert claims for damages and injunctive relief under section 14(e) in connection with SMR's tender offer of September 19, 1973. Chris-Craft Industries, Inc. v. Piper Aircraft Corp., 480 F.2d 341 (2d Cir.), cert. denied, 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973); Electronic Speciality Co. v. International Controls Corp., 409 F.2d 937 (2d Cir. 1969).

█ Plaintiff alleges that in connection with SMR's tender offer of September 19, 1973, the defendants engaged in an unlawful scheme to maximize the benefits of the tender offer for the Loeb, Rhoades group at the expense of other Federated shareholders. According to plaintiff, the scheme combined a short tender offer period with deliberately confusing communications in an attempt to prevent outside shareholders from tendering their shares within the required time period. Specifically, plaintiff alleges that the communication of September 21, 1973 sent by the Federated Board of Trustees to Federated shareholders indicated that the Federated Board of Trustees would study SMR's tender offer when in fact the individual defendants then knew that the tender offer would be successful and that there was no alternative but to tender all shares. Plaintiff further alleges that the plan of liquidation announced in the Board's communication of September 24, 1974, with mention of a book value of $16 per share, was deliberately intended to mislead Federated shareholders because the individual defendants knew but failed to disclose "that such plan of liquidation was not agreeable to SMR and could not be put into effect." The Court finds that these allegations state a claim under section 14(e) upon which relief can be granted to plaintiff as an individual. Whether plaintiff was actually in a position to take advantage of SMR's tender offer cannot be determined on the basis of the pleadings. Defendants' motion for judgment on the pleadings in their favor is accordingly denied as to plaintiff's third claim.

Section 14(c) requires that unless proxies are solicited by the management of an issuer, the issuer must, prior to a meeting of the shareholders, file with the Securities and Exchange Commission and distribute to shareholders the same information as that required when proxies are solicited. Securities and Exchange Commission Rule 14c–6 provides in relevant part:

"No information statement shall contain any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading . . . .."

Although not entirely clear from the second amended complaint, plaintiff seems to be alleging that the defendants violated section 14(c) and Rule 14c–6 by failing to disclose in Federated's information statement of December 14, 1973 the fraudulent scheme in which they allegedly engaged in connection with SMR's tender offer of September 19, 1973. By reason of this nondisclosure, plaintiff asserts that the shareholders "have been induced to vote in favor of a transfer of control of the Board of Trustees of Federated illegally." Defendants contend, however, that in view of SMR's acquisition of a majority of the shares of Federated through its tender offer of September 19, 1973, SMR was able to carry its proposals to increase the Federated Board of Trustees from 8 to 17 trustees and to elect its 9 nominees, regardless of

how the other Federated shareholders might vote. Therefore, defendants assert that there can be no causal relationship between the alleged failure to disclose and the action taken at the shareholders' meeting on January 7, 1974, and thus plaintiff has no cause of action based on the purported violation of section 14(c). *See* Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).

■ Although proof of causation may be difficult for plaintiff under these circumstances, the Court is nevertheless unable to conclude on the basis of the pleadings that there can be no causal relationship between the alleged defect in the information statement and the "transfer of control" of which plaintiff complains. *Cf.* Laurenzano v. Einbender, 264 F. Supp. 356 (E.D.N.Y.1966); *see also* Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374 (2d Cir. 1974). Accordingly, defendants' motion for judgment on the pleadings in their favor is denied as to plaintiff's fourth claim.

Plaintiff's fifth claim asserts that the individual defendants caused Federated to breach its listing agreement with the New York Stock Exchange by failing to solicit proxies in connection with the special meeting of shareholders called for January 7, 1974. Plaintiff proceeds on the theory that Federated shareholders are third party beneficiaries of this agreement. Jurisdiction over this claim is predicated on principles of pendent jurisdiction.

■■ In order for pendent jurisdiction to exist, "[t]he state and federal claims must derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Proof of plaintiff's fifth or state claim will involve facts relating to the nature and scope of Federated's listing agreement with the New York Stock Exchange. These facts are not at all common to plaintiff's fourth claim or any of plaintiff's other alleged federal claims. Therefore, plaintiff's state and federal

claims do not derive from a common nucleus of operative fact, and this Court is without pendent jurisdiction. Moreover, even if pendent jurisdiction did exist, the Court would under the circumstances decline to exercise it. Accordingly, defendants' motion for judgment on the pleadings in their favor is granted as to plaintiff's fifth claim.

*Plaintiff's Motion for a Class Action Determination*

■ Two prerequisites for the maintenance of a class action are that the class be so numerous that joinder of all members is impracticable, and that the claims of the representative parties be typical of the claims of the class. F.R. Civ.P. 23(a)(1), (3). Plaintiff seeks to represent a class consisting of "(a) all shareholders of Federated Development Company who did not tender their shares pursuant to the tender offer of SMR Holding Company on or about September 19, 1973, and (b) those shareholders of Federated Development Company who did tender pursuant to said tender agreement and whose tender was rejected in whole or part."

■ Plaintiff's primary claim in this action is that as a result of the defendants' fraud he was precluded from taking advantage of SMR's favorable tender offer of September 19, 1973. His claim is therefore hardly typical of any claims which those shareholders who did tender their shares to SMR might have. Moreover, it would appear that by including in the class those Federated shareholders who did tender their shares to SMR, but whose tender was rejected in whole or in part, plaintiff would be representing members of the Loeb, Rhoades group. Even the tender of members of the Loeb, Rhoades group had to be rejected in part because considerably more than 800,000 shares were tendered to SMR, and SMR accepted only 800,000 on a pro rata basis.

■ As to those Federated shareholders who did not tender pursuant to SMR's tender offer of September 19, 1973, plaintiff has failed to show numer-

osity. It appears that 1,396,602 of the 1,599,714 outstanding Federated shares were tendered to SMR during the period of its offer. Plaintiff has made no showing of the number of shareholders who held the approximately 200,000 shares not tendered to SMR and who might have claims similar to plaintiff's. Plaintiff's motion for an order declaring that this action may be maintained as a class action is therefore denied. *See* Demarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968); Kinzler v. New York Stock Exchange, 53 F.R.D. 75, 77 (S.D.N.Y. 1971).

*Plaintiff's Motion for Appointment of a Receiver*

On September 16, 1974 Federated announced an offer to purchase all of its publicly held shares at $5 per share. By order filed September 20, 1974, the defendants were directed to show cause why an order should not be entered appointing a receiver of the property and assets of Federated.

The appointment of a receiver is an extraordinary remedy to be invoked only in cases of necessity and upon a clear showing that an emergency exists. *See* Ferguson v. Tabah, 288 F.2d 665 (2d Cir. 1961); Wickes v. Belgian American Educational Foundation, Inc., 266 F.Supp. 38 (S.D.N.Y.1967). In his affidavit in support of his motion for appointment of a receiver, plaintiff contends that Federated plans to deregister its stock under the Exchange Act, thus limiting public access to information about Federated, and that SMR intends to appropriate the assets of Federated in order to repay loans incurred in acquiring control of Federated. However, these contentions establish neither necessity nor emergency for the appointment of a receiver. Plaintiff's contention that SMR intends to appropriate the assets of Federated to repay its debts is at this point only speculation. Moreover, on the basis of the papers now before it, the Court finds no support for plaintiff's assertion that he is entitled to a court-ordered liquidation of

Federated. It would appear that should plaintiff prevail on his claims, he would have an adequate remedy in an award of damages against those who have allegedly defrauded him. Plaintiff's motion for the appointment of a receiver is therefore denied.

To summarize, defendants' motion for an order dismissing the second amended complaint and granting judgment on the pleadings in their favor is granted except as to plaintiff's third and fourth claims asserted on his own behalf as an individual. Plaintiff's motions for an order determining that this action may be maintained as a class action and for an order appointing a receiver of the property and assets of Federated are denied.

Settle order on notice.