**Barbara CLANTON et al.**

v.

**ORLEANS PARISH SCHOOL BOARD et al.**

**Civ. A. No. 72–3231.**

United States District Court, E. D. Louisiana.

Sept. 28, 1976.

John P. Nelson, Jr., Patricia Saik, Nelson & Nelson, New Orleans, La., for plaintiffs.

Franklin V. Endom, Jr., Lawrence W. Koltun, Polack, Rosenberg & Rittenberg, New Orleans, La., for defendants.

CHARLES SCHWARTZ, District Judge.

Presently before this Court are motions by plaintiffs seeking an order pursuant to Rule 23(c)(1), F.R.Civ.P., to maintain this case as a class action, and an order pursuant to Rule 24(a) and (b), F.R.Civ.P., allowing Patricia F. Lyons to intervene as co-plaintiff. After due consideration of the argument and memoranda of counsel, the record, and the law, the Court finds as follows:

The original complaint was filed in December of 1972, alleging that the maternity leave policies of the Orleans Parish School Board were both racially and sexually discriminatory. Plaintiffs assert that jurisdiction is based on the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e–5(f)(3), 28 U.S.C. Section 1343 and 28 U.S.C. Sections 2201–2202. Violations of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., 42 U.S.C. Section 1981, 42 U.S.C. Section 1983, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment are alleged. Plaintiffs are seeking damages, back pay, and injunctive relief.

There are two maternity leave policies at issue in this suit. The old policy required that an employee be placed on leave no later than the end of the sixth month of pregnancy (Section 5–1–2). Return following birth was not to exceed three school semesters (Section 5–1–4).

The present maternity leave policy was adopted by the Orleans Parish School Board in January of 1973. Under this policy, the minimum duration date of pregnancy leave shall be four weeks before and six weeks after delivery of the child (Section 5–1–7). A pregnant employee is entitled to use up to ten days of sick leave, but no more, even if she had additional sick leave days accrued (Section 5–1–8).

Sick leave policies of the Orleans Parish School Board which govern temporary disabilities other than pregnancy do not require a minimum duration nor limit the number of sick days which an employee may use. Plaintiffs contend that it is unlawful for the Orleans Parish School Board to treat pregnant employees differently from the way it treats employees with other temporary disabilities.

## I

### THE CLASS ACTION MOTION

Plaintiffs move for certification of this action as a class action on behalf of:

1. Those female teachers who have taken a maternity leave of absence within the limitation period of this suit under the pre-1973 policy; and

2. Those female teachers who have taken, are presently taking or who will take a maternity leave of absence under the Board's present maternity leave policy which became effective in January, 1973, and which is still in effect to date.

The named plaintiffs are eight black female teachers in the Orleans Parish Public School System. All of them were either on maternity leave as of August 28, 1972, or subsequent to that date.

Plaintiffs had previously brought a motion for class certification in May of 1974 before the late Judge Herbert W. Christenberry. That motion was denied because all the plaintiffs were black and because the Board was differentiating at that time between white and black teachers who sought

return from maternity leave, Judge Christenberry decided that a conflict of interest existed between the black class representatives and white teachers.

Plaintiffs now say that they have elected to drop the race discrimination allegation and will proceed on the sex discrimination claim only. Thus, they contend, the conflict of interest problem has been alleviated. However, plaintiffs' complaint has never been amended to formally drop the charges of race discrimination.

■ It should be noted that Rule 23(c)(1) provides: "As soon as practicable after the commencement of an action brought as a class action, the Court shall determine by order whether it is to be so maintained." This rule contemplates a prompt determination after the filing of the action. *Philadelphia Electric Co. v. Anaconda American Brass Co.,* 42 F.R.D. 324 (E.D.Pa.1967). Plaintiffs have elected to bring this motion over two years after the first motion for class certification was denied, six weeks before the trial date. This is surely not good faith compliance with the spirit of the rule.

## II

### REQUIREMENTS FOR MAINTENANCE OF CLASS ACTION

Subdivision (a) of Rule 23 sets forth four mandatory prerequisites to the maintenance of any suit as a class action: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

In addition to meeting the four requirements of Rule 23(a), a class action must also qualify under one of the three subdivisions of 23(b). The plaintiffs contend the action is maintainable under 23(b)(2). That subdivision requires the Court to determine whether "the party opposing the class has acted or refused to act on grounds generally

applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

■ In order for this case to qualify for class action treatment, the plaintiffs have the burden of showing that each of the four prerequisites of Rule 23(a) are met and, in addition, that Rule 23(b)(2) is satisfied. *Epstein v. Weiss,* 50 F.R.D. 387 (E.D.La.1970); *Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 64 F.R.D. 43 (D.Del.1974); *City of Philadelphia v. Emhart Corp.,* 50 F.R.D. 282 (E.D.Pa.1970).

■ In that plaintiffs have not established that "the class is so numerous that joinder of all members is impracticable" under Rule 23(a)(1), the motion for class certification must be denied. *State of Utah v. American Pipe and Construction Co.,* 49 F.R.D. 17 (C.D.Cal.1969). *Holly Springs Funeral Home v. United Funeral Service,* 303 F.Supp. 128 (N.D.Miss.1969).

Plaintiffs assert that "well over 100 women" are members of the class sought to be represented, thus the joinder and numerosity requirements of Rule 23(a)(1) are met. Such a bare showing does not meet the burden of proof placed upon the plaintiffs.

In *Tolbert v. Western Electric Co.,* 56 F.R.D. 108, 113 (D.C.Ga.1972) in holding that a class action was not appropriate, the Court states:

"The burden of satisfying the requirements of Rule 23 falls on those who seek to maintain a class action and it is their obligation to make a positive showing that, among other things, the members of the proposed class are so numerous that their joinder is impracticable. *Demarco v. Edens,* 390 F.2d 836 (2d Cir. 1968); *Neddo v. Housing Authority of City of Milwaukee,* 335 F.Supp. 1397 (E.D.Wis. 1971); *Kinzler v. New York Stock Exchange,* 53 F.R.D. 75 (S.D.N.Y.1971); *Cannon v. Texas Gulf Sulphur Co.,* 53 F.R.D. 216 (S.D.N.Y.1971). While the failure to enumerate and identify class members with precision is not fatal, *Price v. Skolnik,* 54 F.R.D. 261 (S.D.N.Y.1971);

*Vernon J. Rockler & Co. v. Graphic Enterprises, Inc.,* 52 F.R.D. 335 (D.Minn. 1971), mere speculation as to the existence of the class is insufficient to comply with Rule 23(a)(1). *Kinzler v. New York Stock Exchange, supra; Cannon v. Texas Gulf Sulphur Co., supra.*"

In the case at hand, plaintiffs are speculating that a large number of women who took maternity leave from the Orleans Parish School Board have similar claims. In fact, after this Court decided in 1974 that there should not be a class certification, only one person has attempted to intervene in this suit, and she so attempted eight weeks before trial. This indicates that the class size would be substantially less than that alleged.

Thus, a determination by this Court that the class is numerous enough to require a class action would be speculative. The plaintiffs have failed to establish the size of the class as well as whether the class is so large as to practically preclude intervention. *William Goldman Theatres, Inc. v. Paramount Film Dist. Corp.,* 49 F.R.D. 35 (E.D.Pa.1969).

### III

### MOTION TO INTERVENE

Patricia F. Lyons seeks to intervene in this suit to assert a cause of action against defendants based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Section 2000e, et seq. Mrs. Lyons contends that she is entitled to intervene pursuant to Rule 24(a) and (b), F.R.Civ.P.

The defendants oppose the application to intervene on three grounds. First, that this application was not filed timely. Second, that Mrs. Lyons has not claimed "an interest relating to the property or transaction which is the subject of the action" under Rule 24(a), nor has she presented a claim in common with the main action under Rule 24(b). Finally, defendants contend that this Court lacks jurisdiction over Mrs. Lyons' complaint because she has not yet received a right to sue letter from the EEOC.

The threshold requirement for intervention under Rule 24 is that the application be made timely. This motion was brought for hearing on September 8, 1976, 5½ weeks before the October 18 trial date. In a pretrial conference held before the Magistrate it was ordered that "All motions will be filed by July 1, 1976." The class certification motion was expressly exempted from this order. Counsel for Mrs. Lyons was cognizant of this order because she is also counsel for the named plaintiffs in this suit. Mrs. Lyons filed a charge of discrimination with the EEOC on August 28, 1975, however a right to sue letter was not requested until August 16, 1976.

■ It is within the Court's discretion to determine whether or not an application for intervention is "timely." *NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); 7A Wright & Miller § 916, at 572–73. Where intervention is sought as a matter of right, Courts have been more liberal in exercising their discretion over the timeliness requirement. *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1126 (5th Cir.) cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

■ In measuring the time element the court must consider "the length of time during which the proposed intervenor has known about his interest in the suit without acting . . ." *Diaz, supra,* 427 F.2d at 1125. It is apparent that Mrs. Lyons could have and should have brought this motion to intervene many months earlier.

■ The most significant factor in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties. *McDonald v. E. J. Lavino Co.,* 430 F.2d 1065, 1073 (5th Cir. 1970); *United States v. International Business Machines Corp.,* 62 F.R.D. 530 (S.D.N.Y.1974). The discovery cut-off date for this case has been set for October 1, 1976. Defendants would undoubtedly need more time if Mrs. Lyons were allowed to intervene. This would also necessitate a continuation of the trial date to the prejudice of both plaintiffs and defendants. There is

authority for denying intervention under such circumstances. *Gerstle v. Continental Airlines, Inc.,* 466 F.2d 1374 (10th Cir. 1972).

The defendants also contend that intervention is not proper because Mrs. Lyons has not claimed "an interest relating to the property or transaction which is the subject of the action" under Rule 24(a), nor has she presented a claim in common with the main action under Rule 24(b). Defendants are claiming that the issues of this suit should be limited to the legality of the pre-1973 maternity leave policy. They claim that because Mrs. Lyons is asserting damages under the 1973 maternity leave policy, she would raise new issues alien to the present scope of this lawsuit. However, plaintiffs contend that the legality of the 1973 policy has always been an issue in this suit, and is properly within the scope of this suit.

■ Under the usual principles of standing as enunciated by the Supreme Court, the named plaintiffs in this suit would not have standing to contest the legality of the 1973 policy. For a plaintiff to have standing he must allege that the "challenged action has caused him injury in fact, economic or otherwise . . ." *Association of Data Processing Serv. Org. v. Camp,* 397 U.S. 150, 152, 90 S.Ct. 827, 829; 25 L.Ed.2d 184 (1970). Furthermore, that party must allege "facts showing that he is himself adversely affected" by the challenged action. *Sierra Club v. Morton,* 405 U.S. 727, 736–740, 92 S.Ct. 1361, 1369, 31 L.Ed.2d 636 (1972); *Martin-Trigona v. Federal Reserve Board,* 166 U.S.App.D.C. 30, 509 F.2d 363, 365–6 (1975). See also *United States v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). The named plaintiffs in this suit have suffered alleged injury under the pre-1973 maternity leave policy only.

■ However, the Fifth Circuit has carved out an exception to these general principles of standing when a plaintiff files suit pursuant to Title VII. In general a Title VII complainant is entitled to raise any issue like or reasonably related to the charge made before the EEOC. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970); *Danner v. Phillips Petroleum Co.,* 447 F.2d 159 (5th Cir. 1971). It is clear that a challenge of the new maternity leave policy is "reasonably related to" the allegations of discrimination under the old, pre-1973 policy because the new policy carries over many of the same type of provisions as the old. This is consistent with the broad and liberal approach to standing taken by the Fifth Circuit in Title VII cases. See *Huff v. N. D. Cass Company of Alabama,* 485 F.2d 710 (5th Cir. 1973); *Jenkins v. United Gas Corp.,* 400 F.2d 28 (5th Cir. 1968).

■ Finally defendants contend that this Court lacks jurisdiction over Mrs. Lyons' complaint because she has not received a right to sue letter from the EEOC. The Supreme Court has held that the plaintiff's receiving and acting upon the statutory notice of right to sue pursuant to 42 U.S.C.A. Section 2000e–5(f)(1) is a jurisdictional requirement under Title VII. *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Mrs. Lyons claims that where one plaintiff in a Title VII action has already complied with the jurisdictional prerequisite, other aggrieved parties may intervene without filing an EEOC charge. *Oatis v. Crown-Zellerbach,* 398 F.2d 496 (5th Cir. 1968) is cited as authority for this proposition. As to this issue *Oatis* held: "Additionally, it is not necessary that members of the class bring a charge with the EEOC as a prerequisite to joining as co-plaintiffs in the litigation. It is sufficient that they are in a class and assert the same or some of the issues." Id., 398 F.2d at 499. This holding came directly after the holding that a class action was permissible. It is clear from the foregoing that at least there must be a defined class for *Oatis* to apply on this point. See *Burney v. North American Rockwell Corp.,* 302 F.Supp. 86 (C.D.Cal. 1969). As has been previously stated, the case at hand is not a proper class action.

■ Mrs. Lyons also attempts to intervene permissively under Rule 24(b). It has long been the rule within the Fifth Circuit that for permissive intervention, the

intervenor must establish independent grounds for jurisdiction. *Hunt Tool Co. v. Moore,* 212 F.2d 685, 688 (5th Cir. 1954). Absent a right to sue letter, Mrs. Lyons cannot assert an independent jurisdictional basis for her claim. Furthermore, in exercising its discretion, the Court denies the motion to intervene permissively on the ground that it was not filed timely, and because the granting of such motion will serve to delay the trial and unduly burden the parties.

Because this motion has not been brought timely, and because the proposed intervenor has not satisfied the jurisdictional prerequisites of Title VII, the motion to intervene must be denied.

Accordingly, the motion for class certification and the motion to intervene are hereby DENIED.