Henry LLOYD, Plaintiff,

v.

INDUSTRIAL BIO–TEST LABORATORIES, INC., Albert Bowers, Ralph I. Dorfman, George Rosenkranz, Richard Rogers, Syntex Corporation, Syntex (U.S.A.) Inc., Burton L. Rogers and Alexander D. Cross, Defendants.

No. 77 Civ. 5823 (LFM).

United States District Court, S. D. New York.

July 25, 1978.

Rabin & Silverman by Allan K. Peckel, New York City, for plaintiff.

Milberg, Weiss, Bershad & Spechtrie by David J. Bershad, New York City, Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs.

Simpson, Thacher & Bartlett by Michael V. Corrigan, New York City, Chadwell, Kayser, Ruggles, McGee & Hastings, Ltd., Chicago, Ill., for defendant Industrial Bio-Test Laboratories, Inc.

Shea, Gould, Climenko & Casey by Milton S. Gould, Arnold S. Jacobs, Richard F. Czaja, and Michael W. Sigall, New York City, Holtzmann, Wise & Shepard by David R. Foley, New York City, for defendants other than Industrial Bio-Test Laboratories, Inc.

1. 15 U.S.C. § 78j(b).

2. 17 C.F.R. § 240.10b–5.

3. Defendants submitted an affidavit in support of their cross-motion to dismiss. They did not, however, submit a statement of undisputed facts, Rule 9(g), General Rules for the United States District Courts for the Southern and

## OPINION

MacMAHON, District Judge.

Plaintiff moves for certification of this suit as a class action. Rule 23(c), Fed.R. Civ.P. Defendants cross-move (1) to dismiss the complaint against Ralph I. Dorfman, George Rosenkranz and Richard Rogers for insufficiency of process, Rule 12(b)(4), Fed.R.Civ.P., and against all defendants for insufficiency of the complaint, Rule 12(b)(6), Fed.R.Civ.P., or, alternatively, (2) to consolidate this action with another pending before us, Rule 42(a), Fed.R. Civ.P.

Plaintiff commenced this action on December 2, 1977 for damages for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 [1] and rule 10b–5 [2] by defendant, Syntex Corporation, and one of its subsidiaries (collectively "Syntex"), certain of the officers and directors of Syntex, and Industrial Bio-Test Laboratories, Inc. ("IBT"). Plaintiff also seeks to represent a class consisting of all persons who bought options to buy common stock of Syntex during the period February 4, 1976 through and including August 6, 1976 ("class period") and who, relying upon the integrity of the market in which Syntex securities were traded and upon the truth and accuracy of statements made and disseminated by the defendants with regard to the business affairs of Syntex, "sustained damages as a result of said purchase."

We will first consider defendants' cross-motion to dismiss the complaint.

## CROSS–MOTION TO DISMISS

■ Dismissal under Rule 12(b)(6) [3] is improper "unless it appears beyond doubt that

Eastern Districts of New York, nor did the affidavit resolve all factual issues. Because summary judgment under Rule 56, Fed.R. Civ.P., is therefore improper, we will exclude, in considering this aspect of the cross-motion, all matters outside the pleadings and treat the cross-motion as one to dismiss rather than as one for summary judgment. Rule 12(b)(6),

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [4] Moreover, we must accept as true the complaint's allegations [5] and construe them favorably to plaintiff.[6] We therefore accept as true the following facts for purposes of this aspect of the cross-motion:

Plaintiff purchased, in February, March, April and July 1976, options to buy shares of Syntex common stock. The purchases were made in reliance on the integrity of the market and on information released by Syntex concerning Naprosyn, a new drug produced and marketed by Syntex for use in the treatment of arthritic diseases. The information, which was released in Syntex's annual report for the year ended July 31, 1975 and in subsequent public statements and press announcements, painted a rosy picture of the imminent approval of Naprosyn by the Food and Drug Administration ("FDA") for use in the United States and of a positive impact of the drug on the financial condition of Syntex.

The public reports, however, did not reveal that test results submitted to the FDA by Syntex and IBT to obtain FDA approval for Naprosyn concealed irregularities in the testing of the drug, the deaths of some test animals and the presence of tumors in others. Instead, the public reports created the impression that Syntex and IBT had complied with established testing procedures, that Naprosyn was safe and effective and that the drug would contribute to Syntex's future sales and earnings. These reports were disseminated to the public despite defendants' knowledge that the tests were improperly conducted and reported. Defendants thus engaged in a course of conduct designed to inflate artificially the market price of Syntex securities and used the mails or other instrumentalities of interstate commerce to further the scheme.

The market price for Syntex securities dropped on or about July 19, 1976, when disclosures were made that the FDA was questioning its earlier approval of Naprosyn and would re-evaluate test data submitted by Syntex and IBT. Trading in Syntex common stock was subsequently halted after Syntex, on August 5, 1976, announced that the FDA had given notice that it might withdraw its marketing approval for Naprosyn. Plaintiff was damaged by both the July 19 price drop and the subsequent halt in trading.

■ The essential elements of a Section 10(b) or Rule 10b–5 claim for damages are: (1) damage to plaintiff, (2) caused by reliance on defendant's misrepresentations or omissions of material facts,[7] or on a scheme by defendant to defraud, (3) made with an intent to deceive, manipulate or defraud, (4) in connection with the purchase or sale of securities [8] and (5) furthered by defendant's use of the mails or any facility of a national securities exchange.

Defendants do not dispute that the allegations of the complaint are sufficient to allow proof of elements (1), (2), (3) and (5) above, but contend that the complaint is insufficient because it does not allege any fraud in connection with the purchase or sale of a security.

■ The first facet of this two-pronged argument is that the options purchased by plaintiff were not "securities" within the meaning of Section 10(b). The definition of "security" applicable to Section 10(b), however, includes "any stock . . . transferable share . . . or warrant or right

---

Fed.R.Civ.P.; *Green v. Hamilton Int'l Corp.*, 437 F.Supp. 723 (S.D.N.Y.1977).

4. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

5. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

6. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

7. "A fact is 'material' if a reasonable person would attach importance to it in determining his choice of action in the transaction in question." *Weitzman v. Stein*, 436 F.Supp. 895, 903 (S.D.N.Y.1977), and cases cited at footnote 8, *infra*.

8. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Weitzman v. Stein, supra*, 436 F.Supp. at 902; 17 C.F.R. § 240.10b–5.

to subscribe to or purchase any of the foregoing." [9]

Plaintiff's options, known in the trade as "calls," gave him a contractual right to purchase Syntex common stock at a specified price. The Supreme Court has said in another context that "puts, calls, options, and other contractual rights or duties to purchase or sell securities have been recognized as . . . securities for purposes of Rule 10b–5 . . . because the definitional provisions of the 1934 Act themselves grant them such a status." [10] A leading commentator concurs: "a call is a 'right to . . . purchase' a security within the literal language of the definition [of the 1934 Act]." Indeed, calls have been explicitly [11] and implicitly [12] recognized as securities under Section 10(b) and Rule 10b–5.

We, therefore, conclude that plaintiff's options to purchase Syntex stock were "securities" within the meaning of Section 10(b) and Rule 10b–5.

 The second facet of defendants' argument is that plaintiff lacks standing to bring this action because the options he purchased and sold were issued not by defendants but by an entity unrelated to them. The prohibitions of Section 10(b) and Rule 10b–5, however, are not restricted to issuers of securities. [13] Indeed, by their express terms, both the statute and the rule apply to "any person" engaging in certain deceptive or fraudulent activities. Plaintiff has alleged that defendants engaged in those activities. He may have difficulty proving that his damages were caused by reliance on defendants' alleged misrepresentations rather than on statements by the issuer of the options. Nevertheless, as a purchaser of calls, he has standing to sue defendants under Section 10(b) or Rule 10b–5. [14]

We, therefore, hold that the complaint sets forth a cognizable claim under Section 10(b) and Rule 10b–5 and deny defendants' cross-motion insofar as it seeks dismissal of the complaint under Rule 12(b)(6), Fed.R. Civ.P.

██ Defendants also cross-move to dismiss the complaint against Ralph I. Dorfman, George Rosenkranz and Richard Rogers for insufficiency of process because they have not been served. Our inquiry here is (1) whether plaintiff has exercised due diligence to perfect service and (2) whether the delay in service has substantially prejudiced defendants. [15]

The complaint was filed on December 2, 1977, and we cannot say that the seven and one-half month delay in effecting service on some defendants indicates a lack of due diligence by plaintiff. [16] Defendants, moreover, do not contend that they have been prejudiced by the delay, nor do we find any such prejudice.

We, therefore, deny the cross-motion insofar as it seeks dismissal of the complaint for plaintiff's failure to effect service on the named defendants.

## MOTION FOR CLASS CERTIFICATION

Plaintiff seeks certification of this suit as a class action under Rule 23(b)(1) or 23(b)(3), Fed.R.Civ.P. Certification, how-

---

**9.** 15 U.S.C. § 78c(a)(10).

**10.** *Blue Chip Stamps v. Manor Drug Stores, supra,* 421 U.S. at 751, 95 S.Ct. at 1932.

**11.** *Lutgert v. Vanderbilt Bank,* 508 F.2d 1035 (5th Cir. 1975); *Globus, Inc. v. Jaroff,* 271 F.Supp. 378 (S.D.N.Y.1967).

**12.** *SEC v. Texas Gulf Sulphur Co.,* 401 F.2d 833 (2d Cir. 1968), *cert. denied,* 404 U.S. 1005, 92 S.Ct. 561, 30 L.Ed.2d 558 (1971).

**13.** See, *e. g., Rolf v. Blyth, Eastman Dillon & Co.,* 570 F.2d 38 (2d Cir. 1978); *Hirsch v. du Pont,* 553 F.2d 750 (2d Cir. 1977); *Faturik v.*

*Woodmere Securities, Inc.,* 431 F.Supp. 894 (S.D.N.Y.1977).

**14.** *Blue Chip Stamps v. Manor Drug Stores, supra;* 15 U.S.C. §§ 78c(a)(10) and 78c(a)(13). See *SEC v. Texas Gulf Sulphur Co., supra,* and cases cited at footnote 13, *supra.*

**15.** *H. Alpers & Associates v. Omega Precision Hand Tools, Inc.,* 62 F.R.D. 408 (E.D.Pa.1974); *Ashland Oil & Refining Co. v. Hooker Chem. Corp.,* 51 F.R.D. 512 (S.D.Ohio 1970).

**16.** Cf. *Den Heijher v. Erie R. R.,* 23 F.R.D. 217 (S.D.N.Y.1959) (three-month delay).

ever, is dependent on his proof that each of the requirements of Rule 23(a), Fed.R.Civ.P., has been met.[17] We conclude that plaintiff has not met the requirements of Rule 23(a)(1) and consequently deny his motion without reaching his other arguments.

■ Rule 23(a)(1) conditions certification on the existence of a class "so numerous that joinder of all members is impracticable." This burden of proof requires a "positive showing" by plaintiff of the "size of the 'class' and the impracticability of joinder." [18]

■ The only evidence of the size of the class offered by plaintiff is a bald assertion by counsel that "[t]he number of option purchasers that are included in the class undoubtedly numbers in the thousands." Plaintiff proffered no evidence of the number of options traded during the putative class period, nor any other fact to substantiate the conclusory assumption.[19] And the fact that the options might have been traded on a national exchange is in itself insufficient to prove the requisite numerosity.[20] Counsel's "mere speculation" as to the size of the putative class is insufficient to satisfy the requirements of Rule 23(a)(1),[21] and we accordingly deny the motion for class certification. Denial, however, is without prejudice to renewal upon a sufficient showing by plaintiff of numerosity and the impracticability of joinder.

## CROSS–MOTION FOR CONSOLIDATION

■ Defendants other than IBT cross-move to consolidate this action with *Desimone v. Industrial Bio-Test Laboratories, Inc. et al.,* 76 Civ. 3506, which is pending

before us. We may, in our discretion, order consolidation if this action and *Desimone* involve "a common question of law or fact" and if consolidation will not prejudice defendants.[22]

■ *Desimone* is grounded on the public statements and reports at issue here and is against the same corporate defendants. The allegations of this complaint, moreover, are drawn almost verbatim from the one in *Desimone.* Indeed, this action and *Desimone* differ only in that (1) plaintiff here purchased Syntex options rather than Syntex common stock, (2) the putative class period here is slightly shorter than that in *Desimone,* and (3) three individual defendants named in *Desimone* are not named here. The legal and factual issues in both actions are otherwise identical. We, therefore, conclude that the two suits involve "common question[s] of law or fact."

We also conclude that defendants will not be prejudiced by consolidation. Discovery in *Desimone* has been proceeding under the supervision of a Magistrate and is at an advanced stage. It would seem that the discovery there should suffice here. If not, consolidation may result in some delay in the trial of that action. The delay, however, should be minimal, and any disadvantage to defendants will be offset by the avoidance of duplicative discovery and trial, as well as the minimization of expense by consolidation.[23] Indeed, the absence of prejudice to defendants is indicated by the fact that none of them have opposed, and some have affirmatively moved for, consolidation. We, therefore, grant the cross-motion insofar as it seeks consolidation of this

17. *Greenspan v. Brassler,* 78 F.R.D. 130 (S.D.N.Y.1978); *Werfel v. Kramarsky,* 61 F.R.D. 674 (S.D.N.Y.1974).

18. *Demarco v. Edens,* 390 F.2d 836, 845 (2d Cir. 1968).

19. See *Valentino v. Howlett,* 528 F.2d 975 (7th Cir. 1976); *Waldman v. Electrospace Corp.,* 68 F.R.D. 281 (S.D.N.Y.1975); *Williams v. Wohlgemuth,* 366 F.Supp. 541 (W.D.Pa.1973); *Kinzler v. New York Stock Exch.,* 53 F.R.D. 75 (S.D.N.Y.1971).

20. *Petersen v. Federated Dev. Co.,* 387 F.Supp. 355 (S.D.N.Y.1974); *Cannon v. Texas Gulf Sulphur Co.,* 53 F.R.D. 216 (S.D.N.Y.1971). Cf. *Trattner v. American Fletcher Mortgage Investors,* 74 F.R.D. 352 (S.D.Ind.1976).

21. *Demarco v. Edens, supra.*

22. Rule 42(a), Fed.R.Civ.P.; *Garber v. Randell,* 477 F.2d 711 (2d Cir. 1973).

23. *Waldman v. Electrospace Corp., supra.*

action with *Desimone*, whether or not this action is ever certified as a class action.

One final matter must be resolved. Plaintiffs in *Desimone* are represented by the law firms of Milberg, Weiss, Bershad & Spechtrie and Wolf Popper, Ross, Wolf & Jones. Those firms drafted the complaint on which the one here is based, have conducted extensive discovery in *Desimone* and have gained conditional class certification of that action. Their familiarity with the legal and factual issues presented and their initiative and conduct to date dictate that they should be lead counsel in the consolidated action.

Accordingly, plaintiff's motion for class certification is denied without prejudice to renewal. Defendants' cross-motion is denied insofar as it seeks dismissal of the complaint under Rule 12(b)(6), Fed.R.Civ.P., and insofar as it seeks dismissal of the complaint against Ralph I. Dorfman, George Rosenkranz and Richard Rogers under Rule 12(b)(4), Fed.R.Civ.P. The cross-motion is granted insofar as it seeks consolidation of this action with *Desimone v. Industrial Bio-Test Laboratories, Inc. et al.*, 76 Civ. 3506 (LFM), and the law firms of Milberg, Weiss, Bershad & Spechtrie and Wolf, Popper, Ross, Wolf & Jones are appointed lead counsel in the consolidated action.

The Clerk of the court is directed to docket this opinion in both this action and in the *Desimone* action, 76 Civ. 3506 (LFM), and hereafter to carry these consolidated actions as one action under 76 Civ. 3506 (LFM).

So ordered.