(627 P.2d 1168)
No. 51,882

CAROL LAWRENCE, *Appellant,* v. PHILLIPS PETROLEUM COMPANY, *Appellee.*

Opinion filed May 8, 1981.

*Robert V. Wells,* of Kansas City, for appellant.

*Bill E. Fabian,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellee.

Before JUSTICE MCFARLAND, presiding, SPENCER, J., and RON ROGG, Associate District Judge, assigned.

ROGG, J.: The principal issue in this appeal is the exclusiveness of the Kansas workmen's compensation act as a remedy for an injured employee whose injury was the result of the employer's wanton conduct. For purposes of its summary judgment motion, employer Phillips Petroleum Company admitted its acts were wanton and constituted reckless disregard for the safety of its employee, Carol Lawrence. The trial court granted summary judgment to the employer and the employee appeals.

A detailed recitation of the facts is not necessary to determination of the issue. The plaintiff was severely injured on August 5, 1976, in an explosion and fire at the defendant's refinery in Kansas City. Workmen's compensation benefits were applied for and received. The examiner's award was affirmed by the director and no appeal was taken from it by either party. Plaintiff then commenced this common-law action against her employer.

Plaintiff argues on appeal that the Kansas workmen's compensation act was not intended to abrogate an employee's common-law right to seek a remedy for wanton conduct by an employer causing death or injury to the employee. Three arguments are

presented in support of that contention: (1) The act was intended to supplant only common-law actions based on negligence; (2) public policy requires that wanton conduct be subject to a common-law action; and (3) a construction of the act that wanton conduct is within its coverage encourages wanton conduct and discourages safety in the workplace.

Plaintiff first argues the act was intended only to supplant common-law actions against the employer based on negligence. An analysis of K.S.A. 1980 Supp. 44-501 indicates that the employer is liable for "personal injury by accident arising out of and in the course of employment." The essence of plaintiff's argument is that an injury resulting from an employer's wanton conduct is not "by accident" and is therefore not covered by the act.

"Wanton conduct" is defined as an "action indicating a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of that action." *Anderson, Administrator v. White,* 210 Kan. 18, 19-20, 499 P.2d 1056 (1972). "Willful conduct" is likewise defined at 19 as an "action indicating a design, purpose or intent on the part of a person to do wrong or to cause an injury to another." Plaintiff does not contend that her employer's conduct was "willful" within the definition set out above. Plaintiff has focused on "wanton" conduct which, as defined above, is something more than ordinary negligence, yet is something less than willful injury. See *Friesen v. Chicago, Rock Island & Pacific Rld.,* 215 Kan. 316, Syl. ¶ 1, 524 P.2d 1141 (1974).

This issue was squarely presented to the Kansas Supreme Court in *Duncan v. Perry Packing Co.,* 162 Kan. 79, Syl. ¶ 3, 174 P.2d 78 (1946). There the court held:

"If the injury of an employee who is under the workmen's compensation act is in other respects 'a personal injury by accident arising out of and in the course of employment,' the fact that such injury was occasioned by acts or conduct constituting wantonness on the part of the employer does not take such injury out from under the act, and a common-law action to recover damages for such injury will not lie."

The essence of plaintiff's argument is that "wanton" conduct is not covered by the act in that it involves foreseeable danger or the realization of the imminence of danger on the part of the employer, and therefore cannot be categorized as an "accident." The *Duncan* court rejected this argument when it said at 85-86:

"Appellant urges, however, that while the injury may have been an injury 'by accident' as far as the employee was concerned, it was not in reality an 'accident' as far as the employer was concerned, being readily foreseeable by him, in the light of the preventable peril to the employee which he knew existed, but of whose existence the employee had no knowledge or warning. We find no support in the act or in the authorities to support this restricted definition of 'accident.' The word 'accident' has been frequently defined in our cases (*Echord v. Rush,* 124 Kan. 521, 261 Pac. 820; *Gilliland v. Cement Co.,* 104 Kan. 771, 180 Pac. 793; *Barker v. Shell Petroleum Co.,* 132 Kan. 776, 297 Pac. 418; *Kearnes v. Reed,* 136 Kan. 36, 12 P.2d 820; *McMillan v. Kansas Power & Light Co.,* 157 Kan. 385, 139 P.2d 854). It has been said that the necessary elements of an accident are: (1) undesigned; (2) sudden; (3) unexpected; (4) usually of an afflictive or unfortunate character; (5) often accompanied by a manifestation of force; and (6) referrable to a definite time, place and circumstance. The injury here clearly falls within the definition. It is stated in 71 C.J. 571 that in determining the statutory meaning of the word 'accident' as used in workmen's compensation laws 'it is the expectation, intention, or design of the workman that is to be regarded.' In *Gilliland v. Cement Co.,* supra, it was said:

" 'The word "undesigned" must not be taken too literally in this connection, because *a person may suffer injury accidental to him, under circumstances which include the design of another.* The same warning may be extended regarding other elements of the definition.' (Italics supplied.) (p. 773.)

"Furthermore, it should be noted that the plaintiff did not allege that the employer intended to injure the employee or that he knew that an injury to an employee was certain to result, or that any of the defendants harbored any ill will toward her.

"Whether the facts alleged in the petition show negligence only or whether they show wantonness on the part of the employer may be debatable. But even if the acts or conduct alleged do show wantonness, we find no authority either in the statute or in our decisions construing the statute that would justify us in saying that the injury was not compensable under the workmen's compensation act. Considering the whole subject broadly, the legislature has made certain exceptions such as agricultural pursuits (G.S. 1935, 44-505), interstate commerce (G.S. 1935, 44-506) and others, but has not included 'willful misconduct' or 'wantonness' of the employer among the exceptions. Nor is there any distinction between 'gross negligence' and any other degree of negligence, as far as applicability of the act is concerned (see 71 C.J. 1485). If so compensable, an action at common law will not lie. To hold otherwise would open a by-pass around the act and permit attempted recovery in common-law actions which the act was intended to supersede. If the plaintiff here had established the same facts in a proceeding to secure compensation under the act, can there be any doubt that he would have been entitled to an award? If so entitled, it follows, under our decisions, that such relief is exclusive."

Plaintiff fails to deal with the rationale of *Duncan* in that "accident" has reference to the viewpoint of the employee, while the charge of "wanton" conduct looks to the employer. Plaintiff argues only that a construction of "accident" to include wanton-

ness is a contradiction in terms. This argument looks only to the employer. The rationale of *Duncan* would still seem to be valid.

Plaintiff's second and third arguments are that public policy requires that an independent action for an injury occasioned by "wanton" employer conduct be permitted, and to hold otherwise is to encourage such wanton conduct and to discourage employers in providing safe working conditions. In this regard, plaintiff correctly states that Kansas law allows punitive damages for wanton and reckless conduct. *Ford v. Guarantee Abstract & Title Co.,* 220 Kan. 244, 553 P.2d 254 (1976). Plaintiff fails, however, to present any sound analysis to indicate why the loss of such punitive damages is not a part of the "trade-off," which was part of the enactment of the workmen's compensation act. Some states allow additional compensation in cases of an employer's wanton conduct. The Kansas statute does not do so. The fact the act does not permit increased compensation for wanton conduct does not mean that the act does not apply to injuries resulting from wanton conduct on the part of an employer. The argument that such construction of the Kansas workmen's compensation act discourages safety is a policy argument and is more properly addressed to the legislature.

We conclude the trial court did not err in granting summary judgment to defendant on the basis that plaintiff's remedy under the workmen's compensation act was exclusive.

The second issue raised on appeal relates to the propriety of a statute of limitations ruling relative to another defendant. No error is shown and this issue is affirmed under Rule No. 7.042(d) (229 Kan. v [Advance Sheet No. 1]).

The judgment is affirmed.