**David KRAVETZ, Plaintiff,**

v.

**M. Ronald BRUKENFELD, et al., Defendants.**

**No. 83 Civ. 5357 (GLG).**

United States District Court, S.D. New York.

Aug. 6, 1984.

---

Charles J. Hecht, New York City, for plaintiff.

Gaston, Snow, Beekman & Bogue, New York City, for defendants except Ernest Eckstein and Laura Gould; Martin P. Unger, Cathy A. Bell, New York City, of counsel.

Joel Field, New York City, for defendant Ernest Eckstein.

Laurence Shiff, New York City, for defendant Laura Gould.

## AMENDED OPINION *

GOETTEL, District Judge:

Before the Court are motions to dismiss the amended complaint of plaintiff David Kravetz, in which he charges the defendants with violating the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78 *et seq.* (1982), the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962 (1982), and state law. The defendants move to dismiss the complaint pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Kravetz had a securities account with L.F. Rothschild, Unterberg, Towbin ("Rothschild"), an investment banking firm. The complaint alleges that M. Ronald Burkenfeld, a partner in Rothschild, and Laura Gould, an independent investment advisor, had trading authorization to act as Kravetz's agent and attorney-in-fact and, thus, to buy, sell, trade, and otherwise deal in stocks, bonds, and other securities for his account.

Kravetz alleges that Brukenfeld and Gould devised and executed the following scheme to defraud him. They withdrew money from his account several times to purchase what he alleges were worthless securities of two corporations, Safelon Corporation ("Safelon") and Multifilm Corporation of America ("Multifilm"). As part of their scheme, Brukenfeld and Gould made several false statements to Kravetz that his investments in these two corporations were sound because they were financially strong and would provide security.

Also allegedly involved in the scheme was Ernest Eckstein, the officer, director, and/or more than ten percent stockholder of Safelon and almost one hundred percent stockholder of Multifilm. Eckstein supposedly conspired with Brukenfeld and Gould to withdraw and misuse funds from Kravetz's account.

Kravetz further alleges that when he initially asked Brukenfeld to liquidate the securities account because the value of the portfolio was deteriorating, Brukenfeld responded by advising against liquidation. Later when Kravetz insisted that the account be liquidated, Brukenfeld allegedly refused to do so on the ground that only Gould had the power to make that decision.

In response, Kravetz has sued Brukenfeld, Gould, Eckstein, and all the other general partners of Rothschild (the "other Rothschild partners").

## DISCUSSION

### A. *Section 10(b) Claim*

Brukenfeld, Gould, and the other Rothschild partners [1] move to dismiss Kravetz's section 10(b) claim in the first cause of action, pursuant to Rule 9(b) of the Federal

---

* This amends, *nunc pro tunc,* this Court's opinion dated June 29, 1984.

1. In this cause of action, Kravetz makes no section 10(b) claim against Eckstein.

Rules of Civil Procedure, for failure to plead fraud with particularity. For the following reasons, the Court finds that Kravetz has pleaded this claim with sufficient particularity and that this aspect of the defendants' motion should be denied.

■ A complaint alleging fraudulent violations of section 10(b) and Rule 10b–5 must satisfy the particularity requirement of Rule 9(b).[2] *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 114 (2d Cir.1982); *Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 (2d Cir.1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972). Rule 9(b) provides that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). Therefore, mere conclusory allegations that the defendants' conduct was fraudulent is not enough. *Decker v. Massey-Ferguson, Ltd., supra,* 681 F.2d at 114; *Ross v. A.H. Robins Co., supra,* 607 F.2d at 557; *Segal v. Gordon, supra,* 467 F.2d at 607. Instead, the complaint must allege with some specificity the act or statements constituting the fraud.[3] *Decker v. Massey-Ferguson, Ltd., supra,* 681 F.2d at 114; *Ross v. A.H. Robins Co., supra,* 607 F.2d at 557. "[T]his means that the pleader must state the time, place and content of the false misrepresen-

tations, the fact misrepresented and what was obtained or given up as a consequence of the fraud." 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 9.03, at 9–20 through 9–24 (1984) (footnote omitted); *see also Pocahontas Supreme Coal v. National Mines Corp.,* 90 F.R.D. 67, 73 (S.D.N.Y. 1981) ("[Rule 9(b) ] requires that in addition to pleading the time, place and contents of the allegedly fraudulent statements, the identity of the maker of the misrepresentation must be disclosed.").

■ When reviewing the complaint, however, Rule 9(b) must be reconciled with Rule 8 of the Federal Rules of Civil Procedure which provides that the complaint should contain only "a short and plain statement of the claim," and with the consequence that Rule 9(b) does not require the pleading of detailed evidence. *See Credit & Finance Corp. v. Warner & Swasey Co.,* 638 F.2d 563, 566 (2d Cir.1981); *Ross v. A.H. Robins Co., supra,* 607 F.2d at 557 n. 20. A review of the complaint in this case shows that the particularity requirement of Rule 9(b) is satisfied.

■ The allegations of fraud with respect to defendants Brukenfeld and Gould have been sufficiently pled. First, the content of the allegedly false misrepresentations is stated.[4] Second, the time and place

---

**2.** The rationale and aims behind this requirement are threefold. First, it gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which its rests, thus enabling the defendant to prepare a defense. *Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 (2d Cir.1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); *Pocahontas Supreme Coal Co. v. National Mines Corp.,* 90 F.R.D. 67, 73 (S.D.N.Y.1981); *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y. 1977), *aff'd sub nom. Duban v. Diversified Mortgage Investors,* 636 F.2d 1201 (2d Cir.1980). Second, it protects the defendant from harm to his reputation or goodwill which results from charges of fraud. *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 114 (2d Cir.1982); *Ross v. A.H. Robins Co., supra,* 607 F.2d at 557; *Pocahontas Supreme Coal Co. v. National Mines Corp., supra,* 90 F.R.D. at 73; *Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1087; *see also Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972) ("'It is a serious matter to charge a person with fraud and hence no one is permitted to do so unless he is in a position and

is willing to put himself on record as to what the alleged fraud consists of specifically.'") (quoting 1A W. Barron & A. Holtzoff, *Federal Practice and Procedure* § 302, at 215–16 (Wright rev. 1960)). Third, it minimizes the number of strike suits. *Decker v. Massey-Ferguson, Ltd., supra,* 681 F.2d at 114; *Ross v. A.H. Robins Co., supra,* 607 F.2d at 557; *Segal v. Gordon, supra,* 467 F.2d at 607; *Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1087.

**3.** Allegations based on information and belief generally do not satisfy Rule 9(b). *Segal v. Gordon, supra,* 467 F.2d at 608. However, pleading on information and belief is permissible as to matters peculiarly within the adverse party's knowledge and when accompanied by a statement of facts upon which the belief is founded. *Id.* at 608; *Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1087; 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 9.03, at 9–26 through 9–27 (2d ed. 1984).

**4.** Amended Verified Complaint ¶¶ 83, 84, 89, and 92.

of the misrepresentations,[5] and the identities of the speakers of the misrepresentations [6] are alleged. Finally, the manner in which the representations were false and misleading is described.[7] In conclusion, defendants Brukenfeld and Gould have been afforded fair notice of the nature of the plaintiff's claim and the grounds upon which it is based. *See Ross v. A.H. Robins Co., supra,* 607 F.2d at 557. From this, these two defendants will be able to answer the complaint and to prepare a defense.

With respect to the other Rothschild partners, they state in their papers that "[i]t has been conceded for purposes of this motion by the moving defendants, that, pursuant, to § 24 of the New York Partnership Law ("NYPL"), where proper allegations of fraud are made against one partner acting in the ordinary course of the partnership business, plaintiff need not assert specific allegations of fraud against the remaining partners in order to give rise to their joint and•several liability in damages for the proven fraudulent acts of their partners." Rothschild Partners' Memorandum of Law in Support of Motion to Dismiss Amended Complaint at 10. Kravetz has alleged that the other Rothschild partners are jointly and severally liable to him under section 24 of the New York Partnership Law because Brukenfeld was acting as a fellow partner in the ordinary course of partnership business. Since the allegations of fraud are sufficient with respect to Brukenfeld, specific allegations of fraud against the other Rothschild partners need not be asserted.[8]

For these reasons, the motion of Brukenfeld, Gould, and the other Rothschild partners to dismiss Kravetz's section 10(b) claim in the first cause of action must be denied.

**5.** *Id.* ¶¶ 85, 86, 90, and 93.

**6.** Brukenfeld and Gould are identified as having made the misrepresentations. *Id.* ¶¶ 83–86, 89, 90, 92, and 93.

**7.** *Id.* ¶¶ 94.

**8.** Since the Court has found that the first cause of action adequately states a claim against the

## B. *Conspiracy Claim*

All of the defendants move, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, to dismiss the second cause of action, a claim of conspiracy in violation of the antifraud provisions of the Exchange Act. The defendants argue that Kravetz has not alleged facts sufficient to make out a claim of conspiracy. The Court disagrees with the defendants.

■ As discussed more fully above, Rule 9(b) does not allow mere conclusory allegations of fraud. Thus, a complaint must be dismissed if it merely quotes words from the statute such as the existence of a "scheme and conspiracy," *Segal v. Gordon, supra,* 476 F.2d at 608, or states the bare bones of a conspiracy without any supporting facts, *Heart Disease Research Foundation v. General Motors Corp.,* 463 F.2d 98, 100 (2d Cir.1972). Rule 9(b), however, must be read in conjunction with Rule 8. The role of Rule 8 in pleading a conspiracy claim has been described as follows:

> [T]he general principles of "notice pleading" under Rule 8 apply to pleadings averring conspiracy. However, while Rule 8 demands only a "short and plain statement of the claim showing that the pleader is entitled to relief," in a pleading of conspiracy it is important that within the pleader's ability to do so, and without going into unnecessary detail, the opposing party be informed of the nature of the conspiracy charged, to which he may adequately plead.

It is not enough merely to state that a conspiracy has taken place. Where possible, there should be some details of time and place and the alleged effect of the conspiracy. This is not to say that the pleader must plead his evidence; further details may be secured by means of discovery, and related devices. More-

Rothschild partners pursuant to § 24 of New York's Partnership Law, N.Y. Partnership Law § 24 (McKinney 1948), we need not decide whether the complaint makes out a claim of alternative liability on the part of the Rothschild partners as aiders and abettors or control persons.

over, great leeway should be allowed the pleader, since by the nature of the conspiracy, the details may not be readily known at the time of the pleading.

2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.17[5], at 8–180 through 8–183 (1984) (footnotes omitted).

■ The conspiracy claim in the instant complaint satisfies these rules. The complaint alleges that defendants Brukenfeld, Gould, and Eckstein entered into a conspiracy pursuant to which they intended to improperly withdraw money from Kravetz's account. The complaint then alleges the manner in which the conspiracy was to be carried out and the role of the defendants. Although Kravetz has not indicated the exact times and places, he has alleged details of the conspiracy sufficiently particular to permit the defendants to respond.[9] Consequently, the defendants' motion to dismiss the conspiracy claim must be denied.

## C. *Failure to Liquidate Claim*

■ Brukenfeld, Gould, and the other Rothschild partners[10] also move to dismiss Kravetz's third claim, in which he alleges wrongful failure to liquidate his securities account in violation of the antifraud provisions of the Exchange Act. The defendants move for dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. The defendants argue that, because the refusal to liquidate the account is not alleged to have involved fraud or to have been made in connection with the purchase or sale of securities, this third claim is not actionable under the antifraud provisions of the Ex-

change Act. On this point, the Court agrees with the defendants.

In *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Supreme Court adopted the *Birnbaum* rule[11] that only persons who are actual purchasers or sellers of a security have standing to bring claims for damages under section 10(b) or Rule 10b–5. *Id.* at 731–49, 95 S.Ct. at 1923–32. There must be a purchase or sale directly involved. *See, e.g., Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303, 1318 (E.D.Va.1981) ("It is clear that any damages plaintiffs may have suffered [by reason of defendants' refusal to sell plaintiffs' shares upon direction] did not occur 'in connection with the purchase or sale of any security' in the *Blue Chip Stamps* sense of that phrase."). Furthermore, as the Second Circuit observed in *Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442 (2d Cir.1971), in which the plaintiffs claimed that the defendant failed to sell their stock promptly as directed:

> [P]laintiffs' claim is nothing more than a garden-variety customer's suit against a broker for breach of contract, which cannot be bootstrapped into an alleged violation of § 10(b) of the Exchange Act, or Rule 10b–5, in the absence of an allegation of facts amounting to *scienter*, intent to defraud, reckless disregard for the truth, or knowing use of a device, scheme or artifice to defraud.

*Id.* at 445.

In the instant case, Kravetz has not alleged that Brukenfeld or Gould acted with intent to deceive, manipulate or defraud when Brukenfeld refused to liquidate the plaintiff's account.[12] Thus, Kravetz's claim

---

**9.** Rule 9(b) does not work to penalize a plaintiff merely because he was not privy to, and, therefore, cannot plead the details of, the inner workings of a group of defendants who allegedly acted in concert to defraud him. *See Robertson v. National Basketball Association*, 67 F.R.D. 691, 698 (S.D.N.Y.1975). On the other hand, the allegations supporting a claim of a conspiracy to defraud must be particular enough to give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Denny v. Barber*, 576 F.2d 465, 469 (2d Cir.1978).

*Troyer v. Karcagi*, 476 F.Supp. 1142, 1154 n. 15 (S.D.N.Y.1979).

**10.** Eckstein was not named as a defendant in this cause of action either.

**11.** *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2d Cir.), *cert. denied*, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952).

**12.** The complaint alleges that Brukenfeld claimed to be refusing to liquidate Kravetz's securities account because only Gould had the power to make that decision, and that Bruken-

is nothing more than a suit for breach of contract, and he has not made out a cause of action under section 10(b) or Rule 10b–5. *See id.; Haynes v. Anderson Strudwick, Inc., supra,* 508 F.Supp. at 1318. *Cf. Cortlandt v. E.F. Hutton, Inc.,* 491 F.Supp. 1, 4 (S.D.N.Y.1979) (a claim for violation of a written margin agreement does not amount to a cause of action under section 10(b), or Rule 10b–5). Accordingly, the defendants' motion to dismiss Kravetz's failure to liquidate claim must be granted.[13]

## D. *RICO Claim*

■ The defendants also move to dismiss Kravetz's RICO claim in the seventh cause of action, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The defendants argue that Kravetz has failed to plead securities fraud and conspiracy with that degree of particularity that is required by Rule 9(b). They argue that, since the plaintiff cannot rely upon conclusory allegations of fraud to establish "racketeering activity," a proper RICO claim has not been set forth. The Court agrees at least in part with the defendants.

As announced by the Second Circuit in *Moss v. Morgan Stanley Inc.,* 719 F.2d 5 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984), a plaintiff must satisfy two requirements to state a claim for damages under RICO. First, he must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962 (1976), commonly known as "criminal RICO." In so doing, he must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962(a)-(c) (1976). Plaintiff must allege adequately defendant's violation of section 1962 before turning to the second burden—*i.e.,* invoking RICO's civil remedies of treble damages, attorney's fees and costs. *See Bays v. Hunter Savings Association,* 539 F.Supp. 1020, 1023 (S.D.Ohio 1982). To satisfy this latter burden, plaintiff must allege that he was "injured in his business or property *by reason of* a violation of section 1962." 18 U.S.C. § 1964(c) (1976) (emphasis added).

*Id.* at 17.

Section 1961(1)(D) defines "racketeering activity" to include "any offense involving fraud ... in the sale of securities." 18 U.S.C. § 1961(1)(D) (1983). In the complaint, Kravetz alleges that the defendants "by the previously alleged acts and through the use of the federal mails and telephone systems, perpetrated a scheme of racketeering activities as defined in 18 U.S.C. § 1961(1)(B) of the Organized Crime Control Act of 1970." Amended Verified Complaint at ¶¶ 165 & 166. The previously

---

feld remained steadfast with his refusal to liquidate notwithstanding the fact that he and Rothschild had a written trading authorization from Kravetz and that he had a power of attorney from Gould.

Kravetz, in his papers opposing this aspect of the motion to dismiss, states that the complaint alleges that Brukenfeld knew that these statements were false and misleading, and that this was part of a scheme to defraud whereby the refusal to liquidate Kravetz's portfolio would enable the defendants to continue to exercise dominion and control over his property so that he could not find out the true facts with respect to the withdrawal and misuse of his funds. The complaint, however, does not explicitly allege this. While this may be the plaintiff's theory for an antifraud violation, the elements of a section 10(b) claim with respect to a wrongful failure to liquidate are not alleged in the complaint. As Judge MacMahon noted in *Lloyd v. Industrial Bio-Test Laboratories, Inc.,* 454 F.Supp. 807, 810 (S.D.N.Y.1978):

The essential elements of a Section 10(b) or Rule 10b–5 claim for damages are: (1) damage to plaintiff, (2) caused by reliance on defendant's misrepresentations or omissions of material facts, or on a scheme by defendant to defraud, (3) made with an intent to deceive, manipulate or defraud, (4) in connection with the purchase or sale of securities and (5) furthered by defendant's use of the mails or any facility of a national securities exchange.

*Id.* at 810 (footnotes omitted).

**13.** This dismissal, of course, has no affect upon the related state law claim.

alleged acts fall into two classes. The first involved the withdrawal of funds from Kravetz's account to purchase worthless securities, which he alleges was the activity of a "first enterprise" comprised of defendants Brukenfeld, Gould, Eckstein, and the other Rothschild partners. The second involved the wrongful failure to liquidate Kravetz's account, which he alleges was the activity of the "second enterprise" comprised of defendants Brukenfeld, the other Rothschild partners, and possibly Gould.

The withdrawal of funds to purchase worthless securities is set out in the first cause of action as a violation of section 10(b) and in the second cause of action as a conspiracy in violation of the antifraud provisions of the Exchange Act. As discussed above, these claims are sufficiently well pleaded to satisfy Rule 9(b). Thus, the allegations of fraud in connection with the "first enterprise" satisfy RICO's "racketeering activity" pleading requirement. *See Moss v. Morgan Stanley Inc., supra,* 719 F.2d at 18.

The wrongful refusal to liquidate the securities account is set out in the third cause of action. However, as discussed above, this cause of action fails to state a claim involving fraud in the sale of securities. Therefore, the predicate acts requirement is not satisfied with respect to the "second enterprise." *See id.* at 18–19.

Accordingly, the defendant's motion to dismiss the RICO claim is granted only with respect to this latter enterprise.

CONCLUSION

■ The defendants' motions to dismiss are granted in part and denied in part. The third cause of action is dismissed as a claim under the federal securities laws but remains as a pendent state law claim and part of the seventh cause of action is dismissed. The remaining causes of action are sufficiently well pleaded to withstand the motions to dismiss.[14]

SO ORDERED.

14. Because some of Kravetz's federal claims are sufficiently well pleaded to withstand the motion to dismiss, the defendants' contention that the Court lacks pendent jurisdiction over Kravetz's state law claims is without merit. Therefore, the defendants' motion to dismiss those claims must also be denied.