Stanley B. BLOCK, on behalf of himself and all others similarly situated, Plaintiff,

v.

FIRST BLOOD ASSOCIATES, A. Frederick Greenberg, Richard M. Greenberg, Anabasis Investments, N.V., Mario P. Kassar, Andrew G. Vajna, and Carolco Pictures, Inc., Defendants.

No. 86 Civ. 8811 (RWS).

United States District Court, S.D. New York.

June 9, 1987.

Rabin & Sirota, New York City (Rachell Sirota, of counsel), for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Robert S. Smith, of counsel), and Oberstein, Doniger & Fetter, Los Angeles, Cal., for defendants Carolco Pictures, Inc., Anabasis Investments, N.V., Mario Kassar and Andrew Vajna.

OPINION

SWEET, District Judge.

Defendants Andrew Vajna ("Vajna") and Mario Kassar ("Kassar") have moved for an order pursuant to Fed.R.Civ.P. 12(b)(2) dismissing the complaint for lack of *in personam* jurisdiction. Defendants Vajna, Kassar, Carolco Pictures, Inc. ("Carolco"), and Anabasis Investments, N.V. ("Anabasis") (collectively "the Anabasis defendants") have moved for an order pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) dismissing the first and second causes of action for failure to state claims of securities and common law fraud with sufficient particularity. For the reasons discussed below, both motions are denied.

*The Complaint*

This action arises out of an investment by plaintiff Stanley B. Block ("Block") in a New York Limited Partnership, First Blood

Associates ("First Blood"), formed to acquire rights in the feature length film "First Blood" (the "Film") from defendant Anabasis. Defendant Carolco is the successor to Anabasis and defendants Vajna and Kassar are co-chairmen of the Board of Directors of Carolco and were the principals of Anabasis. Defendants A. Frederick Greenberg and Richard M. Greenberg (the "Greenbergs") are the general partners of First Blood.

Block, on behalf of himself and all others similarly situated, commenced this action by complaint dated November 14, 1986 alleging securities fraud under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 ("first cause of action") and common law fraud ("second cause of action") against First Blood, the Greenbergs, Anabasis, Kassar, Vajna, and Carolco, and for breach of contract ("third cause of action") against the Greenbergs and First Blood only. Only the first and second causes of action are the subject of the present motions.

The complaint alleges that Block is the owner of a partial unit of a limited partnership interest in First Blood and purchased that interest in the course of an offering of limited partnership interests in First Blood in reliance on the representations of a Private Placement Memorandum ("Placement Memorandum"). The securities and common law fraud claims allege that the Placement Memorandum contained a false and misleading description of certain transactions and agreements between First Blood and Anabasis whereby Anabasis transferred rights in the Film to First Blood. Block alleges that these representations were false in that, *inter alia*, First Blood "does not own the Film in any meaningful sense of the term, notwithstanding the false and misleading statements in the [Placement] Memorandum to the contrary." Block also alleges that certain material information was omitted from the Placement Memorandum.

Block alleges that "defendants" knowingly or recklessly made fraudulent misrepresentations or omissions in the Placement Memorandum, therefore violating Section 10(b) of the Exchange Act and Rule 10b-5 and common law principles of fraud. In particular, the complaint alleges that the Greenbergs were responsible, with the aiding and abetting of Anabasis, Vajna and Kassar, for the drafting, writing and dissemination of the Placement Memorandum. Furthermore, it alleges that Anabasis, Carolco (as successor to and parent of Anabasis), Kassar and Vajna are:

> liable for having substantially participated in and/or aided and abetted the Greenbergs and First Blood in their wrongdoing in that: (a) they conceived and were the architects of the plan to sell the units; (b) they structured the agreements between First Blood and Anabasis including the sham transaction falsely purporting to transfer genuine "ownership" of the Film to First Blood; (c) they and their agents or representatives drafted or received copies of the drafts or proofs of the Memorandum, reviewed them and submitted requests, comments, suggestions and modifications to the Memorandum; and (d) they failed to correct any misrepresentations, omissions and misleading statements notwithstanding that they had knowledge of or, had they not acted with reckless disregard for the truth, should have had knowledge of said misrepresentations, omissions and misleading statements.

*The "Particularity" Requirements of Fed. R.Civ.P. 9(b)*

Rule 9(b) of the Federal Rules of Civil Procedure provides that:

> In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally.

The courts in the Second Circuit have uniformly held that to satisfy Rule 9(b) a complaint must set forth a claim of fraud with sufficient particularity to give the defendant fair notice of the claim so that he may frame a response to it. *See e.g., Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985); *Yoder v. Orthomolecular Nu-*

*trition Institute, Inc.,* 751 F.2d 555, 562 (2d Cir.1985). The only fraudulent misrepresentations and omissions alleged in the complaint are in connection with the Placement Memorandum. Since the Anabasis defendants do not challenge the particularity of the complaint with respect to the specific misrepresentations and omissions, their only quarrel with the complaint is that Block has failed to identify which of the defendants made the representations and omissions at issue.

■ Even though Block has not attributed individual misrepresentations in the Placement Memorandum to individual defendants, the lack of greater specificity is not fatal to his complaint. The complaint points to those portions of the Placement Memorandum which Block claims support his allegations of fraud and alleges facts supporting an inference of fraud, thus putting all defendants on adequate notice of the nature of the claims. The lack of greater specificity with respect to the role each defendant played is attributable to Block's lack of knowledge of information in the exclusive possession of the defendants. *See Segal v. Gordon,* 467 F.2d 602 (2d Cir.1972); *Kravetz v. Brukenfeld,* 591 F.Supp. 1383 (S.D.N.Y.1984); *Merrit v. Libby, McNeil & Libby,* 510 F.Supp. 366, 373 (S.D.N.Y.1981). Without the benefit of any discovery, plaintiffs need not allege the particular roles of each defendant allegedly involved in the preparation of a fraudulent Placement Memorandum.

In fact, since all the alleged misrepresentations are made in the Placement Memorandum, the Anabasis defendants' complaint that the plaintiff does not identify the makers of the various alleged misrepresentations seems oddly disingenuous. Unless Block is personally familiar with the preparation of the Placement Memorandum, something that the papers submitted in connection with this motion in no way indicate, he could not know how the Memorandum was prepared. The Anabasis defendants' suggestion that such information is not "peculiarly within the adverse party's knowledge," *Segal v. Gordon,* 467 F.2d at 608, is entirely unexplained. The language cited by the Anabasis defendants, that "the identity of the maker of the misrepresentation must be disclosed by the complaint," *Pocahontas Supreme Coal Co. v. National Mines Corp.,* 90 F.R.D. 67, 73 (S.D.N.Y.1981), clearly does not apply to a situation such as this, where a group of defendants were allegedly involved in the preparation of a fraudulent document.

In his memorandum of law submitted in connection with this motion, Block now refers to two separate groups of defendants, the "limited partnership defendants" and the "Anabasis defendants." He further contends that the Anabasis defendants aided, abetted and conspired with the limited partnership defendants in the drafting, writing and dissemination of the fraudulent Placement Memorandum.

Although the Anabasis defendants contend otherwise, this distinction between the two groups of defendants, which is not made in the complaint, does not present allegations that materially differ from those in the complaint. Both the complaint and the memorandum of law do not stop with allegations of aiding and abetting against the Anabasis defendants; both also allege active participation and conspiracy by the Anabasis defendants as principals in the alleged fraud. Until and unless discovery demonstrates otherwise, Block need not choose between the two theories.

*In Personam Jurisdiction*

As the basis for exercise of *in personam* jurisdiction over Vajna and Kassar, non-residents of New York, the complaint invokes the "nationwide service of process" provisions of Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa. Section 27 authorizes nationwide service of process on an individual named in a complaint only if "the complaint states a claim under the 1934 act." *Mariash v. Morrill,* 496 F.2d 1138, 1142 (2d Cir.1974); *see Bolton v. Gramlich,* 540 F.Supp. 822, 840 (S.D.N.Y.1982).

Aside from the Rule 9(b) challenge discussed above, the Anabasis defendants do not contend that the complaint fails to state a claim against them. Instead, they posit that, since personal jurisdiction is based on

the commission of an act which purportedly gives rise to the exercise of jurisdiction, Block must make a *prima facie* case on the merits to withstand a motion to dismiss under Rule 12(b)(2). Therefore, Vajna and Kassar contend, since they have submitted affidavits denying that they conceived or designed the First Blood partnership plan, participated in the preparation, drafting or dissemination of the Placement Memorandum, or had knowledge of the contents of the Placement Memorandum, Block must make a *prima facie* showing of jurisdiction through his own submission of evidence in order to defeat a motion to dismiss.

Once a defendant comes forward with evidence contraverting a plaintiff's allegations of *in personam* jurisdiction, the plaintiff must make "a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Reingold v. Deloitte Haskins & Sells*, 599 F.Supp. 1241, 1250 (S.D.N.Y.1984); *see Keene Corp. v. Weber*, 394 F.Supp. 787, 789 (S.D. N.Y.1975). Nevertheless, to require such a showing before any discovery has taken place has not to date been required under the cases in this Circuit. Upon the filing of allegations sufficient to state a cause of action, Block is entitled to discovery on the degree of participation of each of the defendants in the alleged fraudulent scheme before he must make a *prima facie* showing of jurisdiction. The complaint alleges that the moving individual defendants aided and abetted the drafting and dissemination of the Placement Memo and that they reviewed and modified the Memorandum.

What is required is a resolution of the tension between a plaintiff's right to discovery and a defendant's right to dismissal in the absence of a showing of any jurisdictional facts. The plaintiff is entitled to discovery as to the activities of Vajna and Kassar, whether as parties or third party witnesses. To grant their motion at this time would invite a later motion after preliminary discovery to add them as parties, assuming that Block obtains *prima facie* evidence to support his allegation. Of course, if such evidence is not forthcoming after discovery directed to that end, the pending motion would be well-founded. The most direct path to a resolution of the issue is to deny the motion at this time and to grant leave to renew it in sixty (60) days after an initial discovery directed to the jurisdictional issue, that is, the participation of Vajna and Kassar in the alleged securities fraud.

The cases in other jurisdictions cited by Vajna and Kassar involved circumstances in which discovery was not necessary to enable the court to evaluate the alleged lack of *in personam* jurisdiction, *see Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982); *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). To rest the dismissal of this complaint on the affidavits submitted by Vajna and Kassar would in fact be a grant of summary judgment without permitting any discovery by the plaintiff.

With respect to the state law fraud claim, submission of affidavits denying these defendants' involvement in the fraud might be enough to defeat allegations of *in personam* jurisdiction. *See Lamarr v. Klein*, 35 A.D.2d 248, 315 N.Y.S.2d 695 (1970), *aff'd*, 30 N.Y.2d 757, 333 N.Y.S.2d 421, 284 N.E.2d 576 (1972). Nevertheless, if Block can, after discovery, support his allegations of the involvement of Vajna and Kassar under the federal securities laws, this court will have jurisdiction over the person of Vajna and Kassar for all claims arising out of these factual allegations. Therefore, the motion to dismiss for lack of *in personam* jurisdiction will be denied in its entirety at this time.

The motion to dismiss for failure to state claims of fraud with sufficient particularity is denied. The motion to dismiss for lack of *in personam* jurisdiction is denied with leave to renew after sixty (60) days from the date hereof.

IT IS SO ORDERED.