No. 63,274

In the Matter of MICHAEL W. FARMER, *Respondent.*

(772 P.2d 277)

Opinion filed April 18, 1989.

*Bruce E. Miller,* disciplinary administrator, argued the cause for petitioner.

*Michael W. Farmer* appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator against Michael W. Farmer, an attorney who maintains his practice in Topeka, Kansas. Respondent Farmer has previously been before this court in a disciplinary matter. *In re Farmer,* 242 Kan. 296, 747 P.2d 97 (1987). That proceeding resulted in Farmer's suspension from the practice of law for one year.

The facts which gave rise to the present proceeding were stipulated to by the parties and are included within the report of a panel of the Board for Discipline of Attorneys. No exceptions to the report were filed. Briefly, the facts are that respondent prepared a will for Bettie Joan Glenn and after her death commenced proceedings for the admission of the will to probate and for the issuance of letters testamentary to himself as executor. Letters were issued and real estate was sold as directed in the will. The estate was not timely closed and one of the heirs ultimately filed a petition for the removal of Farmer as executor. About a month later, Farmer filed a petition for final settlement of the estate. Both petitions were heard at the same time. The court found that, although the petition for final settlement alleged that all taxes had been paid, no return had been filed and taxes had not been paid; therefore, the estate was not ripe for final settlement. The court removed Farmer as executor and appointed one of the heirs as Administrator C. T. A. The court later held hearings on Farmer's claim for attorney fees and out-of-pocket expenses. The expenses were allowed, but respondent's request for $6,500 as attorney fees in a $45,000 estate was disallowed. Additionally, the court found that respondent treated the residuary beneficiaries "in an extremely shabby manner" and "in a demeaning fashion." Respondent admitted

and the panel found that he had violated Canons 1, 2, 6, and 7 of the Code of Professional Responsibility. Supreme Court Rule 225 (1988 Kan. Ct. R. Annot. 142).

The panel also found mitigating factors. As a result of a fall from a roof, respondent suffered extensive injuries. He is permanently disabled, has a 97.5% loss of vision, and is legally blind. The loss of vision has had a devastating impact on his life and has made it difficult for him to communicate with clients. He admits that he handled the probate matter in an unprofessional manner and that he was insensitive and intolerant. However, he has undergone and is continuing counseling on a weekly basis at a mental health clinic, and the panel noted that the events which gave rise to the complaint in this case arose before respondent was undergoing counseling. The panel was impressed by respondent's humility and recommended a discipline less severe than might otherwise be expected.

We find clear and convincing evidence that respondent violated Canon 1 and DR 1-102(A)(6) (1988 Kan. Ct. R. Annot. 143), Canon 2 and DR 2-106(A) (1988 Kan. Ct. R. Annot. 153-54), Canon 6 and DR 6-101(A)(2) (1988 Kan. Ct. R. Annot. 164-65), and Canon 7 and DR 7-102 (A)(4) (1988 Kan. Ct. R. Annot. 169). We agree with the panel that there are extenuating circumstances here which dictate less severe penalties than we would usually impose in such a case. The closing of the estate was not delayed long beyond the normal time when it should have been closed. Respondent's representation to the court that all taxes had been paid was not a deliberate misrepresentation but was the direct result of respondent's lack of knowledge of the tax and probate laws. Finally, his mistreatment of the beneficiaries of the estate occurred at a time when he was undergoing overwhelming personal difficulties. The court concludes that discipline should be modest in conformity with the extenuating circumstances.

IT IS THE ORDER OF THE COURT that the imposition of discipline against Michael W. Farmer be and it is hereby delayed for one year on condition that he (1) continue with his regular weekly mental health counseling, (2) cooperate fully with his counselor, (3) submit a report from his counselor to the Disciplinary Administrator at least once every three months, and (4) not violate any of the Canons of Professional Ethics or the Disciplinary Rules during that period of time. Upon receiving a report from

the Disciplinary Administrator, this court shall upon notice make such other or further order or impose such discipline as justice may require.

IT IS FURTHER ORDERED that this order be published in the Kansas Reports, and that respondent pay the costs of this proceeding.