Nos. 63,274
66,498
67,229

In the Matter of MICHAEL W. FARMER, *Respondent.*

(822 P.2d 34)

On December 11, 1987, Michael W. Farmer was suspended from the practice of law for one year for conduct involving dishonesty, fraud, deceit, or misrepresentation. The court found that respondent had engaged in other conduct that adversely reflected on his fitness to practice law, had charged an excessive fee, and had knowingly made a false statement of law or fact. *In re Farmer*, 242 Kan. 296, 747 P.2d 97 (1987). The federal court imposed reciprocal discipline and suspended respondent beginning May 31, 1988.

On April 18, 1989, the court found that respondent had engaged in conduct that adversely reflected on his fitness to practice law, had charged an excessive fee, had handled a legal matter without preparation adequate under the circumstances, and had knowingly used false evidence. Because of extenuating circumstances, imposition of discipline was delayed for one year on certain conditions of probation. *In re Farmer*, 244 Kan. 733, 772 P.2d 277 (1989). That matter is still pending before this court.

In No. 66,498, the hearing panel report of the Kansas Board for Discipline of Attorneys was filed April 22, 1991. The panel found that respondent had damaged his client during the course of their professional relationship (1) by allowing his client to assume responsibility for another's financial obligations to respondent, (2) by filing suit against his client for this debt, (3) by urging the bankruptcy court to rule on the matter to respondent's financial advantage and to the disadvantage of his client, and (4) by respondent's allowing his ability to exercise independent professional judgment to be impaired by his own financial interests. The panel recommended that respondent be disbarred. On May 13, 1991, respondent filed exceptions to the panel hearing report. Upon respondent's request for an extension of time to file pleadings, filed June 27, 1991, he was granted an extension of time to file a brief. No brief has yet been filed.

In No. 67,229, in its report filed October 23, 1991, the hearing panel found that respondent, while suspended in federal court, had taken actions which constituted the practice of law. The hearing panel recommended that respondent be disbarred. No exceptions have been filed.

Pending is a hearing on a complaint alleging that respondent failed (1) to provide competent representation, (2) to act with reasonable diligence and promptness, (3) to keep his client reasonably and accurately informed about the status of the matter, and (4) to comply with his client's requests for information in a post-divorce custody matter. The complaint further alleges that respondent made false statements to the court and engaged in conduct involving misrepresentation, conduct prejudicial to the administration of justice, and conduct that adversely reflects on his fitness to practice law.

Also pending is a hearing on a complaint alleging that respondent did not provide competent representation in a criminal matter. On remand from the Court of Appeals, the district court found that respondent's representation was deficient in numerous areas and that his performance prejudiced the defense. The complaint alleges that respondent engaged in conduct prejudicial to the administration of justice, accepted a case when his professional judgment was affected by his personal interest, handled a matter he was not competent to handle and without adequate preparation, and failed to seek the lawful objectives of his client.

Also pending is a hearing on a complaint alleging that respondent failed to provide competent representation, failed to act with reasonable diligence and promptness, and failed to make reasonable efforts to expedite litigation consistent with the interests of his client in a probate matter.

Respondent, pursuant to Supreme Court Rule 217 (1990 Kan. Ct. R. Annot. 154), has voluntarily surrendered his license to practice law in the State of Kansas effective October 29, 1991.

The court, having examined the files and records of the office of the disciplinary administrator, finds that the surrender of respondent's license should be accepted and that respondent should be disbarred.

IT IS THEREFORE ORDERED that Michael W. Farmer be and he is hereby disbarred from the practice of law in the State of

Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Michael W. Farmer from the roll of attorneys licensed to practice law in the State of Kansas and that respondent forthwith comply with Supreme Court Rule 218 (1990 Kan. Ct. R. Annot. 155).

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports and that the costs herein be assessed to the respondent.

Dated this 29th day of October, 1991.