**OLD COLONY VENTURES I, INC., Plaintiff,**

v.

**SMWNPF HOLDINGS, INC., et al., Defendants.**

**No. 95–2050–JWL.**

United States District Court, D. Kansas.

Dec. 28, 1995.

Gregory L. Musil, Steven D. Ruse, Shughart, Thomson & Kilroy, Overland Park, KS, P. John Brady, James C. Sullivan, Shughart, Thomson & Kilroy, Kansas City, MO, for Old Colony Ventures I, Inc.

Robert P. Wray, Roy R. Darke, Jerald S. Meyer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Renana B. Abrams, Armstrong, Teasdale, Schlafly & Davis, Olathe, KS, for SMWNPF Holdings, Inc.

Roy R. Darke, Jerald S. Meyer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Renana B. Abrams, Armstrong, Teasdale, Schlafly & Davis, Olathe, KS, for Sheet Metal Workers National Pension Fund, Arthur Moore, Alan J. Chermack, Ronald Palmerick, Matthew B. Hernandez, Bruce J. Stockwell, Robert Custer, Robert T. Stringer, Carl Moore, Robert J. Fanning.

Gordon D. Gee, Laurilyn A. Goettsch, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, for Merrill Lynch Pierce Fenner & Smith, Inc.

Roy R. Darke, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Jerald S. Meyer, John E. Ivan, Shawnee Mission, KS, Jennifer L. Lewis, John Ivan Law Office, Shawnee Mission, KS, for Robert B. Francis.

Robert P. Wray, Roy R. Darke, Jerald S. Meyer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for SMWNPF Holdings Inc.

Steven D. Ruse, Shughart, Thomson & Kilroy, Overland Park, KS, P. John Brady, James C. Sullivan, Shughart, Thomson & Kilroy, Kansas City, MO, for The Rist Group Inc.

John E. Ivan, Shawnee Mission, KS, for Woodland Hills Joint Venture.

James C. Wirken, Michael S. Jones, The Wirken Group, P.C., Kansas City, MO, for Holland Corporation.

John E. Ivan, Shawnee Mission, KS, Jennifer L. Lewis, John Ivan Law Office, Shawnee Mission, KS, for Woodland Hills Joint Venture.

Roy R. Darke, Jerald S. Meyer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Renana B. Abrams, Armstrong, Teasdale, Schlafly & Davis, Olathe, KS, for Clinton O. Gowan, Jr.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This case comes before the court on defendant Robert Francis' motion to dismiss (Doc. # 128) counts VI, VII, and VIII pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). For the reasons stated below, Mr. Francis' motion to dismiss is denied.

### II. Facts

In November of 1993, the plaintiff contacted Mr. Francis, a Merrill Lynch employee in

its Little Rock office, because the plaintiff believed he was a potential source of funding for its golf course project or possibly its entire development project. From November of 1993 through January of 1994, the plaintiff sent confidential financial information to Mr. Francis at his Merrill Lynch office based on Mr. Francis' representation that he would assist the plaintiff in obtaining financing for the plaintiff's development project. The plaintiff alleges that Mr. Francis used the confidential information he received from the plaintiff for his own personal gain. Specifically, the plaintiff asserts that Mr. Francis made a purchase offer seeking to buy the plaintiff's partner's fifty percent share of the development project and that Mr. Francis deliberately concealed his purchase offer from the plaintiff. Finally, the plaintiff asserts that on June 10, 1994, a corporation set up by Mr. Francis contracted to purchase rights in the plaintiff's development project. The plaintiff is suing Mr. Francis for (1) tortious interference with contract, (2) breach of fiduciary duty, and (3) fraud.

## III. Discussion

### A. Standard for a motion to dismiss.

■ A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ Because this case is brought in federal court based on diversity jurisdiction, the court must first determine what substantive law applies to each of the plaintiff's disputed claims under Kansas' choice of law rules before it can be determined whether a claim is stated. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Because the plaintiff's claims are all tortious in nature, the court must look to Kansas' general tort conflicts rule to determine what substantive law governs. In *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731 (1985), the Kansas Supreme Court held that the law of the state where the tort occurs controls. Under this rule, the tort is deemed to have occurred where the wrong was felt. *Id.* Because the wrong in this case is the financial harm the plaintiff suffered as a result of Mr. Francis' alleged conduct, the court must determine where the plaintiff felt this financial injury in order to determine where the tort is deemed to have occurred. The plaintiff states that it is an Illinois corporation, but does not plead where it suffered the financial injury from Mr. Francis' conduct. As a result, the court cannot determine what substantive law to apply. The parties do not raise the choice of law issue and seem to agree that Kansas law applies. Therefore, for the purposes of this motion only and because the parties have treated Kansas law as controlling, the court will apply Kansas law in order to rule on this motion with the caveat that this choice of law issue may be revisited in the future.

### B. Tortious interference with contract.

■ Kansas law has long recognized that one who, without justification, induces or causes a breach of a contract to which it is not a party will be answerable for damages caused thereby. *DP–Tek, Inc. v. AT & T Global Information Solutions Co.,* 891 F.Supp. 1510, 1516 (D.Kan.1995) (citing *Turner v. Halliburton Co.,* 240 Kan. 1, 722 P.2d 1106 (1986)). Under Kansas law, the elements essential to recovery for tortious interference with a contract are: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his or her intentional procurement of its breach; (4) the absence of justification; and

(5) damages resulting therefrom. *Id.* (citing *Dickens v. Snodgrass, Dunlap & Co.,* 255 Kan. 164, 169, 872 P.2d 252 (1994)).

■ The defendant, Mr. Francis, contends that the plaintiff has not pled a prima facie case for tortious interference with contract because the plaintiff has not shown that Mr. Francis acted with "actual malice" as required by *Turner v. Halliburton Co.,* 240 Kan. 1, 722 P.2d 1106 (1986). The defendant is incorrect in its position. The *Turner* court's reference to "actual malice" does not add a sixth element to this tort. Rather, the court believes that the *Turner* court was discussing what the plaintiff had to show to overcome the qualified privilege of the defendant, the former employer of the plaintiff, when it discussed maliciousness. *Id.* Moreover, the Kansas Supreme Court and this court have subsequently discussed the elements of tortious interference with contract and have not stated that "actual malice" is a necessary element. *In the Matter of Michael W. Farmer,* 772 P.2d 277, 244 Kan. 733 (1989); *DP–Tek, Inc. v. AT & T Global Information Solutions Co.,* 891 F.Supp. 1510, 1516 (D.Kan.1995).

■ The defendant also contends that the plaintiff has not pled a prima facie case for tortious interference with contract because "significant portions of plaintiff's allegations against Holdings and the Fund, which form the basis for the plaintiff's breach of contract action against Holdings and the Fund, occurred prior to November of 1993, when [the] plaintiff first contacted Robert Francis. Therefore [the] [p]laintiff has a significant causation issue with its claim that Robert Francis tortiously interfered with the joint venture agreement between the plaintiff and Holdings because the first breach of the joint venture agreement by Holdings is alleged to have occurred seven months prior to the time that Robert Francis could have been aware of the existence of the joint venture agreement." *Suggestions in Support of Robert Francis' Motion to Dismiss,* p. 4–5. The court agrees with the plaintiff that it has properly pled an alternative theory of liability against Mr. Francis and that the plaintiff is not required at this stage to pick its theory

of recovery. Fed.R.Civ.Pro. 8(a). Therefore, Mr. Francis' motion to dismiss the plaintiff's tortious interference with contract claim must be denied because it does not appear beyond a doubt that the plaintiff cannot prove some set of facts in support of its theory of recovery that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991).

### C. Breach of fiduciary duty.

■ The defendant argues that the plaintiff has failed to plead "any facts upon which the court could determine that the plaintiff, a corporation, had peculiar confidence in Mr. Francis or that Mr. Francis had a duty to act primarily for the benefit of the plaintiff." *Suggestions in Support of Robert Francis' Motion to Dismiss,* p. 7. The defendant also argues that the plaintiff has not pled any facts showing that Mr. Francis had the power to influence the plaintiff or that Mr. Francis exercised any influence over the plaintiff. *Id.* Specifically, Mr. Francis argues that because there was never a contract between the plaintiff and him, because Mr. Francis was never paid by the plaintiff for his efforts, because Mr. Francis never met the plaintiff's principals, Mr. Walter Rist and Mr. Richard Covelli, in person, because Mr. Rist and Mr. Covelli are experienced real estate developers, and because the plaintiff has failed to allege whether the allegedly confidential information was communicated to Mr. Francis and why the information it allegedly communicated to Mr. Francis was confidential, the plaintiff's breach of fiduciary duty claim must be dismissed. Based on the following discussion, the court disagrees.

The Kansas Supreme Court has loosely defined a fiduciary relationship as "a relation in which, if a wrong arises, the same remedy exists against the wrongdoer on behalf of the principal as would exist against a trustee on behalf of the cestui que trust." *Brown v. Foulks,* 232 Kan. 424, 430, 657 P.2d 501 (1983). The *Brown* court went on to state that

"[t]he term 'fiduciary relation' has reference to any relationship of blood, business, friendship, or association in which one of the parties reposes special trust and confi-

dence in the other who is in a position to have and exercise influence over the first party. In *Denison State Bank v. Madeira*, 230 Kan. 684, 640 P.2d 1235 (1982), it was held that whether or not a confidential or fiduciary relationship exists depends on the facts and circumstances of each individual case. This court has refused, for that reason, to give an exact definition to fiduciary relations. It was stated that a fiduciary relationship does not exist upon some technical relation created by, or defined in, law. It may exist under a variety of circumstances and does exist in cases where there has been a special confidence reposed in one who, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence. *Lindholm v. Nelson*, 125 Kan. 223, 264 P. 50 (1928). In *Lindholm*, it was stated that courts have consistently refused to give an exact definition to, or to fix definite boundaries of, that class of human relations which, by principles of common honesty, require fair dealing between the parties, and which is commonly known as fiduciary relations." *Id.* at 430–431, 657 P.2d 501.

After briefly discussing several other Kansas cases, the *Brown* court concluded that the common denominator in all the fiduciary relation cases is that "there was a relationship of blood, business, friendship, or association in which the parties reposed special trust or confidence in each other and were in a position to have and exercise influence over each other and in which one party relied on the good faith of another to his or her detriment." *Id.* at 432, 657 P.2d 501. After concluding that a fiduciary duty existed, the *Brown* court stated that "[w]here a fiduciary relationship exists, the law does not permit the fiduciary to make use of that relation to benefit his own personal interests at the expense of the other party. Stated in another way, a fiduciary is under a duty to refrain from situations wherein his own interests are brought into conflict with those of his trust, irrespective of good or bad faith on his part." *Id.*

The court concludes that the plaintiff has pled sufficient facts to defeat the defendant's motion to dismiss. The plaintiff has pled that it divulged confidential information to Mr. Francis with the intent that Mr. Francis use that information to help the plaintiff find financing for its project. Construing the facts in favor of the plaintiff as required under Fed.R.Civ.P. 8(a) and *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993), the court concludes that it does not appear beyond a doubt that the plaintiff cannot prove some set of facts in support of its theory of recovery that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991); *Brown v. Foulks*, 232 Kan. 424, 432, 657 P.2d 501 (1983).

### D. Fraud.

■ The defendant argues that the plaintiff has not met its pleading burden under Fed.R.Civ.Pro. 9(b) which requires a plaintiff to plead with particularity when asserting a fraud claim. The court disagrees. In *Deere v. Zahm*, 837 F.Supp. 346 (D.Kan.1993), this court addressed the requirements of pleading with particularity under Fed.R.Civ.Pro 9(b).

"A plaintiff alleging fraud must know what his claim is when he files it. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 990 (10th Cir.1992). 'Rule 9(b) does not ... require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification of the circumstances constituting fraud or mistake.' *Seattle–First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir.1986). Rule 9(b) is to be read 'in conjunction with the [notice] pleading requirements of Rule 8'. *Id.* 'Perhaps the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare a responsive pleading.' Wright & Miller, Federal Practice & Procedure, Civil 2d § 1298 at 648 (1990 ed.)." *Id.* at 349–50.

For the following reasons, the court concludes that the plaintiff's first amended complaint meets Fed.R.Civ.Pro. 9(b)'s particularity requirement. The plaintiff's complaint indicates that in early November of 1993, the plaintiff contacted and asked Mr. Francis to

help it find financing for part or all of its development project. The plaintiff's first amended complaint further alleges (1) that in late November and December of 1993, Mr. Rist faxed Mr. Francis at his Merrill Lynch office confidential information about the plaintiff, (2) that the plaintiff and Mr. Francis had numerous conversations in December of 1993 concerning their business relationship, (3) that as late as early February of 1994, Mr. Francis represented that he was a representative of Merrill Lynch and that, as the plaintiff's financial advisor, he would act in the best interest of the plaintiff in obtaining financing for the plaintiff's project, and (4) that Mr. Francis failed to disclose many relevant facts during their relationship including his secret intention to use the plaintiff's confidential information for his own personal gain. As a result, the plaintiff has met its particularity burden under Fed.R.Civ.Pro. 9(b). *See Deere v. Zahm*, 837 F.Supp. 346 (D.Kan.1993).

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motion to dismiss and request for sanctions and attorney's fees (Doc. # 128) is denied.

IT IS SO ORDERED.